United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   PETE LIVINGSTON,                    No. C-06-2389 MMC

12          Plaintiff,              **ORDER GRANTING NOVA WINES,**
                                    **INC.'S MOTION TO DISMISS;**
13     v.                           **VACATING HEARING**

14   KEYA MORGAN aka KEYARASH MAZHARI
     aka KEYA MAZHARI, et al.,       (Docket No.8)
15
            Defendants.
16
     _____/
17

18          Before the Court is defendant Nova Wines, Inc.'s ("Nova") motion to dismiss the

19   claims asserted against it, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil

20   Procedure.  Plaintiff Pete Livingston ("Livingston") has filed opposition to the motion;[1] Nova

21   has filed a reply.  Having considered the papers filed in support of and in opposition to the

22   motion, the Court finds the matter appropriate for resolution without oral argument, see

23   Civil L.R. 7-1(b), VACATES the August 4, 2006 hearing, and rules as follows.

24                              **BACKGROUND**

25          In the instant action, Livingston asserts claims for copyright infringement,

26   conversion, and unfair competition in violation of § 17200 of the California Business and

27

28          [1] Although Livingston's opposition was filed after the date set forth in the stipulation
     and order filed June 30, 2006, the Court nonetheless will consider the opposition, as Nova
     does not argue Nova has been prejudiced by Livingston's delay.

1   Professions Code, against defendants Keya Morgan ("Morgan"), Keya Gallery, Nova,

2   Janina Gehn ("Gehn"), and NTG/XLink ("NTG").  All of Livingston's claims involve the

3   assertedly unauthorized use of copyrighted photographs of Marilyn Monroe taken by

4   Livingston's father, Carl Perutz ("Perutz").  Livingston alleges he is "the sole heir of his

5   father's photographic work."  (See Compl. ¶ 1, 10.)

6       Livingston alleges Morgan and Keya Gallery "obtained at auction 58 original Marilyn

7   Monroe prints (some with Carl Perutz['s] name[ ] stamped on the back) as well as

8   negatives and contact sheets."  (See id. ¶ 11.)  According to Livingston, Morgan and Keya

9   Gallery willfully and knowingly violated the copyright laws by distributing and offering to

10  distribute the photographs without Livingston's permission.  (See id. ¶¶ 1, 12.)  Livingston

11  further alleges Morgan and Keya Gallery "suborned infringement through the website

12  www.marilyn-online.de, which in turn promoted the sale and distribution of [the] copyrighted

13  photographs[.]" (See id. ¶ 12.)

14      Livingston additionally alleges that Gehn created a website in Frankfurt Germany,

15  marilyn-merlot.de, which is owned by defendant NTG, and which advertised the sale and

16  distribution of the copyrighted photographs.  (See id. ¶¶ 1, 6, 7.)  Livingston further alleges

17  Nova "knowingly took at least one image of Perutz'[s] Monroe photographs from the

18  aforementioned German website and created a derivative work from it without securing

19  rights to Perutz's photograph."  (See id. ¶ 1.)  According to Livingston, Nova "placed that

20  derivative work on their wine bottles, posters, other commercial artwork, websites and

21  publicity photos to make money for themselves throughout the world."  (See id.)

22                          **LEGAL STANDARDS**

23      **A.  Rule 8**

24      Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain

25  "(1) a short and plain statement of the grounds upon which the court's jurisdiction

26  depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled

27  to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P.

28  8(a).  In addition, "[e]ach averment in a pleading shall be simple, concise and direct."  Fed.

2

1   R. Civ. P. 8(e)(1).  A district court may dismiss a complaint that fails to comply with the

2   requirements of Rule 8.  See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

3       **B. Rule 12(b)(6)**

4       A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears

5   beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

6   entitle him to relief."  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Dismissal can be

7   based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

8   under a cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699

9   (9th Cir. 1990).

10      Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

11  material beyond the pleadings.  See Hal Roach Studios, Inc. v. Richard Feiner And Co.,

12  Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Material that is properly submitted as part

13  of the complaint, however, may be considered.  See id.  Documents whose contents are

14  alleged in the complaint, and whose authenticity no party questions, but which are not

15  physically attached to the pleading, also may be considered.  See Branch v. Tunnell, 14

16  F.3d 449, 454 (9th Cir. 1994).  In addition, the Court may consider any document "the

17  authenticity of which is not contested, and upon which the plaintiff's complaint necessarily

18  relies," regardless of whether the document is referred to in the complaint.  See Parrino v.

19  FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).  Finally, the Court may consider matters that

20  are subject to judicial notice.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d

21  1279, 1282 (9th Cir. 1986).

22      In analyzing a motion to dismiss, the Court must accept as true all material

23  allegations in the complaint, and construe them in the light most favorable to the

24  nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

25  The Court may disregard factual allegations if such allegations are contradicted by the facts

26  established by reference to exhibits attached to the complaint.  See Durning v. First Boston

27  Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Conclusory allegations, unsupported by the

28  facts alleged, need not be accepted as true.  See Holden v. Hagopian, 978 F.2d 1115,

1  1121 (9th Cir. 1992).

2  **DISCUSSION**

3  Nova's motion to dismiss is based on two arguments.  First, Nova argues the state

4  law conversion and unfair competition claims, as asserted against Nova, are preempted by

5  the Copyright Act.  Second, Nova argues Livingston's claim for copyright infringement, as

6  asserted against Nova, is subject to dismissal because Livingston has failed to adequately

7  identify the copyrighted material Nova purportedly infringed, to allege how and when such

8  infringement occurred, and to submit evidence supporting his allegation that he owns the

9  subject photographs and that said photographs have been registered with the United

10  States Copyright Office ("Copyright Office").

11  **A.  Preemption of State Law Claims**

12  "A state law cause of action is preempted by the Copyright Act if two elements are

13  present."  Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1212 (9th Cir. 1998).  "First, the

14  rights that a plaintiff asserts under state law must be rights that are equivalent to those

15  protected by the Copyright Act."  Id. (internal quotation and citation omitted).  "Second, the

16  work involved must fall within the 'subject matter' of the Copyright Act as set forth in 17

17  U.S.C. §§ 102 and 103."  Id.

18  Here, the only factual allegation against Nova in support of Livingston's conversion

19  and unfair competition claims is that Nova used one of Perutz's copyrighted Marilyn

20  Monroe photographs, without Livingston's permission, to create a derivative work.  (See

21  Compl. ¶ 1.)  The Copyright Act expressly provides that "the owner of copyright . . . has the

22  exclusive rights . . . to prepare derivative works based upon the copyrighted work."  See 17

23  U.S.C. § 106.  Accordingly, the first part of the test for preemption is met.  See, e.g.,

24  Kodadek, 152 F.3d at 1213 (holding unfair competition claim was "based solely on rights

25  equivalent to those protected by the federal copyright laws" where claim was based entirely

26  on publication and sale of copyrighted images).

27  The second part of the preemption test also is met.  As noted, Livingston's

28  conversion and unfair competition claims against Nova are based entirely on Nova's

4

1    unauthorized use of a copyrighted photograph.  Photographs fall within the subject matter

2    of copyright.  See 17 U.S.C. § 102(3) (extending copyright protection to "pictorial, graphic,

3    and sculptural works"); 17 U.S.C. § 101 (defining "pictorial" works to include photographs).

4         Accordingly, Livingston's conversion and unfair competition claims against Nova are

5    preempted by the Copyright Act and, consequently, are subject to dismissal.  See, e.g.,

6    Kodadek, 152 F.3d at 1213 (finding state law unfair competition claim preempted where

7    claim was based entirely on publication and sale of copyrighted images); Dielsi v. Falk, 916

8    F. Supp. 985, 992 (C.D. Cal. 1996) (finding conversion claim preempted where claim was

9    based on unauthorized use and distribution of copyrighted work).[2]

10        **B. Copyright Claim**

11        Nova contends Livingston's copyright claim, as asserted against Nova, fails to state

12   a claim because Livingston "has insufficiently identified the alleged copyrighted materials

13   that [ ] Nova allegedly infringed or how and when [ ] Nova allegedly infringed any

14   copyrighted work owned by [Livingston]," (see Motion at 1), and has not submitted a copy

15   of the relevant copyright registration(s) or proved his ownership of the subject photographs.

16        Although Livingston alleges 58 copyrighted Perutz photographs are at issue in the

17   instant action, and that Nova used "at least one" of Perutz's Marilyn Monroe photographs

18   without permission to create a derivative work, (see Compl. ¶¶ 1), Livingston does not

19   identify any of the specific photographs at issue.  In particular, the complaint does not

20   identify the photograph(s) purportedly used by Nova without Livingston's authorization.

21   Additionally, Livingston fails to identify the derivative work Nova purportedly created from

22   the subject photograph(s), or when such derivative work was created.

23        A complaint for copyright infringement fails to satisfy the requirements of Rule 8(a) if

24   it does not allege the specific copyrighted work that has been infringed or how and when

25   _____

26        [2] The Court notes there is no allegation that Nova, as opposed to Morgan and Keya
     Gallery, converted the actual photographs at issue, as opposed to the images contained

27   therein.  See Compl. ¶ 23-24 (alleging Morgan and Keya Gallery are in possession of the
     photographs and refuse to relinquish them).  "Conversion of tangible property involves

28   actions different from those proscribed by the copyright laws, and thus is not preempted."
     Oddo v. Ries, 743 F.2d 630, 635 (9th Cir. 1984).

1  the asserted infringement occurred.  See, e.g., Four Navy Seals v. Associated Press, 413

2  F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (holding complaint that fails to identify specific

3  copyrighted work at issue "does not put Defendants or the Court on sufficient notice of the

4  copyright claim"); Flynn v. Health Advocate, Inc., 2004 U.S. Dist. Lexis 293 at *35-36 (E.D.

5  Penn. 2004) ("To state a claim for copyright infringement under Federal Rule of Civil

6  Procedure Rule 8, the Complaint must state which specific original work is the subject of

7  the copyright claim, that plaintiff owns the copyright, that the work in question has been

8  registered in compliance with the statute and by what acts and during what time defendant

9  has infringed the copyright."); Adams v. Warner Brothers Pictures Network, 2005 U.S. Dist.

10  Lexis 30369 at *5 (E.D.N.Y. 2005) (holding copyright plaintiff must identify specific work at

11  issue and by what acts defendants infringed).  As Livingston has failed to identify the

12  specific photograph Nova purportedly infringed or to identify the specific acts of

13  infringement by Nova, Livingston's copyright claim, as asserted against Nova, fails to

14  satisfy the requirements of Rule 8.[3]

**CONCLUSION**

16       For the reasons set forth above, Nova's motion to dismiss is hereby GRANTED as

17  follows:

18       1.  Livingston's claims for conversion and unfair competition as asserted against

19  Nova are hereby DISMISSED with prejudice, as preempted by the Copyright Act.

20       2.  Livingston's copyright claim as asserted against Nova is hereby DISMISSED with

21  leave to amend.

_____

[3] As noted, Nova further argues the complaint is deficient because Livingston has not attached to the complaint any evidence of his ownership of the subject photographs or a copy of the relevant copyright registration.  Livingston alleges he is "the heir of the estate of Carl Perutz, the holder of the copyrighted Monroe pictures," and that "[e]ach of the Monroe pictures are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights on August 3, 2004."  (See Compl. ¶¶ 9-10.)  The Court is aware of no authority, however, and Nova has cited none, requiring a copyright plaintiff to attach evidence to its complaint proving the allegedly infringed works are owned by the plaintiff and registered with the Copyright Office.  Here, Livingston adequately alleges that he is the owner of the subject photographs, and that each such photograph has been registered with the Copyright Office.  (See id.)  Nova may, of course, investigate such allegations in discovery.

6

1       3.  Any amended complaint shall be filed no later than September 1, 2006.  If

2   Livingston fails to file an amended complaint by that date, his copyright claim, as asserted

3   against Nova, will be deemed dismissed with prejudice.

4       **IT IS SO ORDERED.**

5

6   Dated: July 31, 2006                  MAXINE M. CHESNEY
                                       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7