IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE LIVINGSTON,<br><br>    Plaintiff,<br><br>  v.<br><br>KEYA MORGAN aka KEYARASH MAZHARI aka KEYA MAZHARI, et al.,<br><br>    Defendants. | No. C-06-2389 MMC<br><br>**ORDER DENYING NOVA WINES, INC.'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**<br><br>(Docket No. 71) |

Before the Court is the motion for summary judgment or, in the alternative, summary adjudication, filed February 7, 2007 by defendant Nova Wines, Inc. ("Nova"). Plaintiff Pete Livingston ("Livingston") has filed opposition to the motion, including a request for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.[1] Nova has filed a reply.

Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the March 16, 2007 hearing, and rules as follows:

---

[1] On March 7 and 8, 2007, subsequent to the filing of his opposition, Livingston filed additional declarations in support thereof. Rule 56(c) of the Federal Rules of Civil Procedure provides that the party opposing a motion for summary judgment "prior to the day of hearing may serve opposing affidavits." See Fed. R. Civ. P. 56(c); see also Civil L.R. 56-1, Commentary (noting that "opposing affidavits may be served the day prior to the hearing").

1. With respect to the issue of whether Livingston has standing to assert the instant copyright claim against Nova, Livingston has raised a triable issue of material fact as to whether his father, Carl Perutz ("Perutz"), was the author of the photograph in question, (see Tsadik Decl., filed March 7, 2007, Ex. A (Butler Decl.) ¶¶ 3-6), and Nova has not demonstrated that Perutz's rights in such photograph did not pass to Livingston "by the applicable laws of intestate succession," see 17 U.S.C. § 201(d).

2. Nova has failed to demonstrate that Livingston's copyright registration is, as a matter of law, invalid. Contrary to Nova's argument, the Ninth Circuit, in Kodadek v. MTV Networks, Inc., 152 F.3d 1209 (9th Cir. 1998), did not hold that a copyright registration is invalid unless it is accompanied by a copy created directly from the original; rather, the Ninth Circuit held that the copyright registration at issue in Kodadek was invalid because the copies submitted were "reconstructions" that "were not made by directly referring to the originals or bona fide copies of the originals." See id. at 1212 (emphasis added) (holding "[o]nce a bona fide copy is made [by direct reference to the original], subsequent copies can be made by directly referring to that copy."). Consequently, Livingston's admission that he is not in possession of the original photograph at issue, (see Ioannou Decl. Ex. 4 at 6:7-15), is not dispositive with respect to the validity of the registration.

3. Nova has failed to demonstrate that, as a matter of law, (1) the photograph in question is in the public domain by reason of publication prior to January 1, 1978 without the requisite copyright notice, (2) any copyright protection in such photograph has expired, and (3) Livingston's certificate of copyright protection does not constitute prima facie evidence of validity of his copyright in such photograph. All such arguments are based on the 1972 copyright date that appears on the title page of the booklet titled "Marilyn Monroe" and purportedly authored by Janet Jackson. (See Benett Decl. Ex. 4.) Nova has not adequately authenticated such booklet, see Fed. R. Ev. 803(16), 901(b)(8)(B) and (C), and Livingston has submitted evidence calling its authenticity into question, (see Tsadik Second Opp. Decl., filed March 8, 2007, Ex. C (Rice Decl.) ¶ 5).

4. Nova has not demonstrated that Livingston's claim for statutory damages and

attorneys' fees is, as a matter of law, barred pursuant to 17 U.S.C. § 412. Such argument is based on Livingston's statement in his August 3, 2004 copyright registration that the date of first publication was September 21, 1999. (<u>See</u> Request for Judicial Notice Ex. B.) The registration in question encompassed a large number of photographs, and Livingston attests that his reference therein to a September 21, 1999 date of first publication was intended to apply to only one of the photographs, which photograph is not the basis of his copyright claim against Nova. (<u>See</u> Tsadik Second Opp. Decl. Ex. D (Livingston Decl.) ¶ 3.)

Accordingly, the motion for summary judgment is hereby DENIED.[2]

This order terminates Docket No. 71.

**IT IS SO ORDERED.**

Dated: March 14, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2] In light of the above ruling, Livingston's request for a Rule 56(f) continuance is hereby DENIED as moot.

3