IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE LIVINGSTON,<br><br>    Plaintiff,<br><br>  v.<br><br>KEYA MORGAN aka KEYARASH MAZHARI aka KEYA MAZHARI, KEYA GALLERY, NOVA WINES, INC.,<br><br>    Defendants<br>                                     / | No. C-06-2389 MMC<br><br>**ORDER GRANTING DEFENDANTS KEYA MORGAN AND KEYA GALLERY'S MOTION TO SET ASIDE ENTRY OF DEFAULT; VACATING HEARING**<br><br>(Docket No. 85) |

    Before the Court is the motion filed February 14, 2007 by defendants Keya Morgan aka Keyarash Mazhari aka Keya Mazhari ("Morgan") and Keya Gallery ("Gallery") to set aside the default entered by the Clerk of the Court against both defendants on February 2, 2007. Plaintiff Pete Livingston ("Livingston") has filed opposition to the motion; Morgan and the Gallery have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civ. L.R. 7-1(b), hereby VACATES the April 6, 2007 hearing, and rules as follows.

**BACKGROUND**

    On April 5, 2006, Livingston filed the instant action, alleging claims of copyright infringement, conversion, and unfair competition against Morgan, the Gallery, and other

defendants. On September 1, 2006, Livingston filed an amended complaint. On October 27, 2006, Livingston filed a second amended complaint.

On November 15, 2006, Livingston filed an ex parte application seeking an extension of time to serve Morgan and the Gallery with the second amended summons and complaint because, according to Livingston's counsel, "the proofs of service [of the original complaint] were incomplete." (See Simpich Decl. Ex. 5-A ¶ 20.)[1] On November 17, 2006, the Court granted Livingston's request, and extended to December 31, 2006 the deadline to serve Morgan and the Gallery.

On February 1, 2007, Livingston filed a motion for entry of default against Morgan and the Gallery, as well as proofs of service attesting that service had been accomplished on Morgan and the Gallery on December 28, 2006 and November 28, 2006, respectively. Neither Morgan nor the Gallery have answered the complaint. On February 2, 2007, the Clerk entered default against Morgan and the Gallery.

On February 14, 2007, Morgan and the Gallery filed the instant motion, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, to set aside the entry of default for both lack of service and lack of personal jurisdiction.

**DISCUSSION**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown, the court may set aside an entry of default." See Fed. R. Civ. P. 55(c). Morgan and the Gallery argue they were never served and, consequently, that entry of default was improper. See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."); see also Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1991) (holding where service is not properly effected, any default entered "is void").

//

---

[1] The proofs of service failed to state that service of the "supplementary material" required by Civil Local Rule 4-2 was effected. (See id. ¶ 5.)

**A. Service on Morgan**

Rule 4 provides that "service upon an individual from whom a waiver has not been obtained and filed" may be effected in any judicial district of the United States in several ways. See Fed. R. Civ. P. 4(e). First, the summons and complaint may be delivered to the individual "personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." See Fed. R. Civ. P. 4(e)(2). Alternatively, service can be effected pursuant to the law of the state in which the district court is located (in this case, California), or in which service is effected (in this case, New York).[2] See Fed. R. Civ. P. 4(e)(1). "Once service is challenged, [the] plaintiff[ ] bear[s] the burden of establishing that service was valid under Rule 4." See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

**1. Attempts to Serve Original Summons and Complaint**

**a. May 2006 Attempt**

According to the proof of service, the original summons and complaint were served on "Keya Morgan a/k/a Keyarash Mazhari a/k/a Keya Mazhari by [the process server's] personally delivering a true copy of the Summons and Complaint to Carmen Fotiadis, Receptionist, a person of suitable age and discretion," at "14 Wall Street, New York, NY 10005" on May 11, 2006, and by mailing a copy of the summons and complaint to the same address. (See Simpich Decl. Ex. 5-B at Ex. 3.) Livingston submits no evidence that "14 Wall Street" is Morgan's residence or that Carman Fotiadis is Morgan's agent for service of process. Accordingly, Livingston has not demonstrated service pursuant to Rule 4(e)(2).

Service under California law likewise was ineffective. Pursuant to California Code of Civil Procedure § 415.20, service may be effected "by leaving a copy of the summons and

---

[2] Livingston does not contend service was effected on Morgan pursuant to New York law.

complaint at the person's . . . usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of . . . a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." See Cal. Code Civ. Proc. § 415.20(b). Although Morgan concedes that the Gallery "maintains a post office address at 14 Wall Street, 20th Floor, New York City, Box 64," he attests that such address "is merely a post office box in a service center . . . on the 20th floor of the building." (See Morgan Decl. ¶ 2.) Morgan attests that "[n]either [Morgan] nor the Keya Gallery occupies any space at that address for conducting business, other than a post office box to receive mail" and that "[n]o one working at the service center . . . is employed by or the agent of [Morgan] or the Keya Gallery." (See Morgan Decl. ¶ 2.) Livingston has not submitted sufficient evidence to the contrary.[3] Morgan further attests that he has never received by mail any documents relating to the instant lawsuit, (see id. ¶ 4), and there is no evidence that the summons and complaint were delivered to the service center on the 20th floor, where Morgan's post office box is located. Accordingly, Livingston has not demonstrated service under § 415.20.

### b. July 2006 Attempts at Service

Livingston states he subsequently spoke by telephone with Morgan, that Morgan thereafter consented to accept service by mail, and that such mailings were made, respectively, on July 11, 2006 to "14 Wall Street," (see Simpich Decl. Ex. 5-A ¶¶ 6-7), and

---

[3] Faced with Morgan's attestation that "14 Wall Street, New York, NY 10005" is not Morgan's usual place of business, Livingston, who has "the burden of establishing that service was valid," see Brockmeyer, 383 F.3d at 801, continues to rely solely on a form proof of service, in which the process server states such address is Morgan's "actual place of business." (See Simpich Decl. Ex. 5-B at Ex. 3.) Cf. Largey v. Intrastate Radiotelephone, Inc., 136 Cal. App. 3d 660, 672 (1982) (holding that if a party fails to produce "stronger and more satisfactory" evidence, when it was within his power to do so, the proffered evidence may be viewed with "distrust").

on July 27, 2006 to "PO Box 7412," (see id. ¶ 9).[4]  Although Livingston cites no authority in support of his contention that such mailings under such circumstances constitute service, he may be relying on the "waiver of service" provision set forth in Rule 4(d) of the Federal Rules of Civil Procedure.

Rule 4(d) permits a plaintiff to effect service by mailing to the defendant a copy of the complaint along with a request for waiver of service.  See Fed. R. Civ. P. 4(d)(2).  Such service is effective when the defendant returns the waiver and the plaintiff "files [such] waiver of service with the court."  See Fed. R. Civ. P. 4(d)(4).  "If the defendant agrees to waive service [pursuant to Rule 4(d)], the defendant's waiver has the same effect as actual service."  See Brockmeyer, 383 F.3d at 807.  Livingston, however, has not filed a waiver returned by Morgan as required by Rule 4(d), and accordingly, Livingston fails to demonstrate service under Rule (4)(d).

Although California law permits service by mail on persons outside the state, see Cal. Code Civ. Proc. § 415.40, such service is valid only if it "include[s] evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed receipt or other evidence," see Cal. Code Civ. Proc. § 417.20.  In the instant case, there is no evidence of "actual delivery" to Morgan.  There is no signed receipt or other evidence that Morgan received the July 11 mailing, and Morgan attests he "ha[s] never received any [documents] in the mail" relating to the instant action.  (See Morgan Decl. ¶ 5.)  With respect to the July 27 mailing, there is undisputed evidence that the documents were returned because they were "unclaimed," (see Simpich Decl. Ex. 5-B at Exs. 12, 13).  Consequently, Livingston's mailings of the complaint to Morgan did not constitute service under § 415.40.  See Stamps v. Superior Court, 14 Cal. App. 3d 108, 110 (1971) (finding service by mail ineffective under § 415.40 where return receipt stated mail was "unclaimed").

//

---

[4] Morgan concedes the Gallery "also maintains a post office box at P.O. Box 7412, New York, New York, 10116."  (See Morgan Decl. ¶ 3.)

### c. Summary

Accordingly, Livingston has not demonstrated that any of the attempts to serve the original summons and complaint constitutes service of process on Morgan.

### 2. Attempt to Serve First Amended Summons and Complaint

On September 6, 2006, Livingston mailed the first amended summons and complaint to Morgan at "PO Box 8296."[5] (See Simpich Decl. Ex. 5-A ¶ 18.) Morgan denies receiving the documents, however, (see Morgan Decl. ¶ 3), and Livingston acknowledges that such documents were "returned to sender because [they were] not claimed by Mr. Morgan," (see Simpich Decl. Ex. 5-A ¶ 19). For the reasons set forth above, such mailing does not constitute service of process.

### 3. Attempt to Serve Second Amended Summons and Complaint

With respect to the attempt to serve the second amended summons and complaint, Livingston submits a declaration from the process server, attesting that he served Morgan by delivering such documents to "Micaela Banton, receptionist" on December 28, 2006, and by mailing copies that same date to Morgan at two addresses: 14 Wall Street, 20th Floor, New York, NY 10005 and P.O. Box 8296, New York, NY 10116. (See Request for Judicial Notice ("RJN") Ex. 6-A ¶¶ 5, 7.) The declaration does not disclose the location where such delivery to Micaela Banton occurred, however. Additionally, Livingston submits no evidence with respect to Micaela Banton's relationship, if any, to Morgan or to the Gallery. Morgan attests "he do[es] not know a person named Micaela Banton." (See Morgan Decl. ¶ 5.) Morgan further attests he has "never been personally served with any document relating to this lawsuit . . . and [has] never received any in the mail." (See id. ¶ 4.) Accordingly, Livingston has not demonstrated that delivery of the second amended summons and complaint to Micaela Banton constitutes service of process on Morgan.[6]

---

[5] Morgan attests that the Gallery "also maintains a post office box at . . . P.O. Box 8296, New York, New York." (See Morgan Decl. ¶ 3.)

[6] The process server also attests that on November 28, 2006 he "attempted" service by personally delivering copies "to Eric William, a person of suitable age and discretion." (See RJN Ex. 6-A ¶ 2.) Again, the place of delivery and relationship to Morgan are

With respect to the mailing of the second amended summons and complaint to Morgan, (see id. ¶ 7), Morgan denies receiving the documents, (see Morgan Decl. ¶ 3), and there is no signed receipt or other evidence that Morgan in fact received the mailing. Accordingly, for the reasons state forth above, Livingston has not demonstrated the above-described mailings constitute service of process.

In sum, Livingston has not demonstrated that he served the second amended summons and complaint on Morgan.

**B.  Service on the Gallery**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service on a business entity may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." See Fed. R. Civ. P. 4(h)(1). Alternatively, under Rule 4, a business entity may be served pursuant to either the laws of the state where the district court is located or where service is attempted.[7]  Fed. R. Civ. P. 4(h)(1), 4(e)(1).

Pursuant to California law, service on a business entity may be effected in several ways depending on the form of the business entity. See, e.g., Cal. Code Civ. Proc. §§ 416.10 - 416.40. Here, there is no evidence before the Court as to the organizational form of the Gallery.[8]  Where the form of a business organization is unknown, California law provides that the business may be served by "leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office

---

unstated.  Morever, the process server does not attest that he mailed any copies on that date.

[7] Livingston does not contend service was effected on the Gallery pursuant to New York law.

[8] Although Morgan states in his motion that the Gallery "is nothing other than a dba of . . . Morgan," (see Motion at 7:24), Morgan submits no evidence in support of such assertion.

7

1 of that business organization, and by thereafter mailing a copy of the summons and
2 complaint by first-class mail, postage prepaid, to the person to be served at the place
3 where a copy of the summons and complaint was left." See Cal. Code Civ. Proc. § 415.95.

### 1. Attempts to Serve Original Summons and Complaint

According to the proof of service, the original summons and complaint were served on "Keya Gallery by [the process server's] personally delivering a true copy of the Summons and Complaint to Carmen Fotiadis, a person of suitable age and discretion" at "14 Wall Street, New York, NY 10005" on May 11, 2006, and by mailing a copy of the summons and complaint to the same address.  (See Simpich Decl. Ex. 5-B at Ex. 3 at 2.)

Livingston submits no evidence with respect to Carmen Fotiadis' position, if any, with the Gallery, nor does he submit any evidence that "14 Wall Street" is a location where any business related to the Gallery takes place.  Although Morgan concedes that the Gallery "maintains a post office address at 14 Wall Street, 20th Floor, New York City, Box 64," he attests that such address "is merely a post office box in a service center."  (See Morgan Decl. ¶ 2.)  Morgan further attests that "[n]either [Morgan] nor the Keya Gallery occupies any space at that address for conducting business, other than a post office box to receive mail" and that "[n]o one working at the service center . . . is employed by or the agent of [Morgan] or the Keya Gallery."  (See Morgan Decl. ¶ 2.)  Livingston submits no evidence to the contrary.

Accordingly, such attempt to serve the original summons and complaint on the Gallery was ineffective.

### 2. Attempts to Serve Second Amended Summons and Complaint

On February 1, 2007, Livingston filed a document titled "Amended Proof of Service of Defendant Keya Gallery," in which a process server attests that he served the second amended summons and complaint on November 28, 2006 "upon Keya Morgan aka Keyarash Mazhari aka Keya Mazhari by personally delivering copies of said documents to Eric William" and thereafter mailing copies to "Keya Gallery, P.O. Box 7412, New York City, NY 10116."  (See RJN Ex. 6-B ¶¶ 2, 4.)  Although, the process server describes Eric

8

William as "the managing agent," (see id. ¶ 3), the declaration does not state where the delivery to Eric William took place, (see id. ¶ 2), and Morgan attests he does not know Eric William and that such person "is not an agent or an employee of the . . . Gallery or [Morgan]," (see Morgan Decl. ¶ 2).  Under such circumstances, the process server's unsupported statement that Eric William is a "managing agent" is insufficient to support a finding that Eric William is one of the persons who may be served on behalf of the Gallery pursuant to Rule 4(h)(1).

Likewise, Livingston has not complied with the requirements of California Code of Civil Procedure § 415.95.  There is no evidence that Eric William was served at the Gallery or that he appeared to be in charge of the Gallery, and, in any event, Livingston has failed to show a copy of the second amended summons and complaint was mailed to "the place where a copy of [such] summons and complaint was left," see Cal. Code Civ. Proc. § 415.95; rather, the process server attests that he mailed a copy of the second amended summons and complaint to the Gallery at a post office box.  (See RJN Ex. 6-B ¶ 4.)

Accordingly, the attempt to serve the second amended summons and complaint on the Gallery was ineffective.

## CONCLUSION

For the reasons set forth above, Livingston has failed to demonstrate he served Morgan or the Gallery and, accordingly, the Court hereby GRANTS the motion to set aside entry of default against defendants Keya Morgan and Keya Gallery.[9]

**IT IS SO ORDERED.**

Dated: April 18, 2007

                                      MAXINE M. CHESNEY
                                      United States District Judge

---

[9] In light of this ruling, the Court does not reach defendants' additional argument that insufficient contacts exist between the defendants and the forum state to support the exercise of personal jurisdiction over them.