IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE LIVINGSTON,<br><br>    Plaintiff,<br><br>  v.<br><br>KEYA MORGAN aka KEYARASH MAZHARI aka KEYA MAZHARI, et al.,<br><br>    Defendants.<br>_____/ | No. C 06-2389 MMC<br><br>**ORDER DENYING DEFENDANTS KEYA MORGAN AND KEYA GALLERY'S MOTION TO SET ASIDE CORRECTED ORDER OF DISMISSAL; VACATING HEARING** |

    Before the Court is the motion, filed February 6, 2008 by defendants Keya Morgan and Keya Gallery (collectively, "Morgan"), to set aside the corrected order of dismissal entered February 4, 2008. Plaintiff has filed opposition, to which Morgan has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the March 14, 2008 hearing on the matter, and rules as follows.

    On January 17, 2008, plaintiff filed a "Request for Dismissal," by which plaintiff sought dismissal of the instant action, "based on the Settlement Agreement filed under seal and Plaintiff's Motion for Administrative Relief to File Settlement Agreement Under Seal,"

(see Request for Dismissal at 1:18-20);[1] plaintiff did not specify therein whether he sought dismissal with prejudice or without prejudice, (see id.). Later that same date, however, plaintiff filed an "Amended Request for Dismissal with Prejudice" ("Amended Request"), in which plaintiff requested dismissal of the instant action with prejudice. (See Am. Request for Dismissal with Prejudice.)

On January 22, 2008, the Court approved plaintiff's Amended Request and ordered the action dismissed with prejudice. (See Order filed Jan. 22, 2008.)

Thereafter, on February 1, 2008, plaintiff filed an "Ex Parte Application and Memorandum of Points and Authorities to Correct Order to Dismiss" ("Application"), wherein plaintiff stated that "counsel mistakenly . . . ask[ed] the court to dismiss the entire case with prejudice." (See Application at 2:9-10.) Plaintiff sought to "correct this error," (see id. at 2:19), and "to dismiss the defendant Nova Wines, Inc. with prejudice, and to dismiss the defendants Keya Morgan . . . and Keya Gallery without prejudice," (see id. at 2:20-22).

On February 4, 2008, the Court granted the Application and issued a "corrected" order dismissing defendant Nova Wines, Inc. with prejudice and Morgan without prejudice. (See Order filed Feb. 4, 2008 ("Corrected Order."))

By the instant motion, Morgan seeks to set aside the Corrected Order on the grounds that the Application was untimely under Rule 59(e) of the Federal Rules of Civil Procedure, the Application failed to show the requisite "manifest injustice" to alter or amend the judgment under Rule 59, and the Court lacked jurisdiction to enter the Corrected Order. For the following reasons, the Court finds Morgan's arguments unpersuasive.

First, Morgan's reliance on Rule 59 is unavailing. In his application, plaintiff did not designate the specific Federal Rule under which he sought relief, and such relief was

---

[1] In addition to Morgan, the action was brought against Nova Wines, Inc., which had made a general appearance in June 2006. The settlement agreement was between plaintiff and Nova Wines, Inc. Morgan was not served and has not filed an answer or other responsive pleading.

1  equally, if not more, appropriate under Rule 60.  Rule 60(b) provides, inter alia, a party may
2  move for relief "from a final judgment, order, or proceeding" by reason of "mistake,
3  inadvertence, surprise, or excusable neglect."  See Fed.R.Civ.P. 60(b)(1).  As noted, the
4  Application sought relief based on plaintiff's counsel's "mistake" in seeking a dismissal with
5  prejudice as to both Nova Wines, Inc. and Morgan, rather than only as to Nova Wines, Inc.
6  (See Application at 2:9-10; see also Decl. of William Simpich in Opp'n to Mot. to Set Aside
7  Corrected Order of Dismissal ("Simpich Decl.") ¶ 10 (stating counsel "only meant to include
8  the defendant Nova Wines, Inc."))  Further, the Application, filed just ten days after the
9  January 22, 2008 order of dismissal, was timely under Rule 60(b).[2]  See Fed.R.Civ.P. 60(b)
10 (providing Rule 60(b)(1) motion must "be made within a reasonable time" and "not more
11 than one year after the judgment, order, or proceeding was entered or taken").

   Second, the Application sets forth sufficient grounds for relief under Rule 60(b)(1)
based, at a minimum, on excusable neglect.  In determining whether a sufficient showing of
excusable neglect has been made, the Court balances four factors:  "(1) the danger of
prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial
proceedings, (3) the reason for the delay, including whether it was within the reasonable
control of the movant, and (4) whether the moving party's conduct was in good faith."  See
Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (citing Pioneer Investment Services
Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993)); see also Briones
v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (holding Pioneer factors apply
in Rule 60(b) context).

   In the instant matter, said factors demonstrate excusable neglect.  At the outset, it
cannot be argued that the ten-day delay in seeking relief was other than minimal;
moreover, as the case had previously been dismissed, the relief sought had no impact on

---

[2] Contrary to Morgan's assertion, the Application was also timely under Rule 59(e).
See Fed.R.Civ.P. 59(e) (providing "motion to alter or amend a judgment must be filed no
later than 10 days after the entry of the judgment"); Fed.R.Civ.P. 6(a)(2) (excluding from
computation "intermediate Saturdays, Sundays, and legal holidays when the [time period
specified by a rule] is less than 11 days").

3

the instant judicial proceedings. Although Morgan argues Morgan will be prejudiced if the Corrected Order is not set aside, the only "prejudice" identified, (see Mot. at 6:13-15), is that Morgan will be required to defend against plaintiff's claims in a federal action pending in another district. Such a consequence is not sufficient to justify denial of relief. See Bateman v. U.S. Postal Service, 231 F.3d 1220, 1224-25 (9th Cir. 2000) (finding loss of "quick victory" insufficient prejudice to justify denial of Rule 60(b)(1) relief). Further, contrary to Morgan's assertion, Morgan will not be subjected to a "duplicitous second litigation," (see Mot. at 6:17-18); prior to the instant motion, Morgan had not made a general appearance in the instant action and has not litigated herein the merits of plaintiff's claims. Although the reason for the delay was, admittedly, counsel's failure to review the Amended Request "carefully enough," (see Simpich Decl. ¶ 10), Morgan makes no persuasive argument that plaintiff's conduct was not in good faith.[3]

Lastly, and contrary to Morgan's contention, the Court had jurisdiction to enter the Corrected Order. Morgan's argument, which relies on Commercial Space Management Co. v. Boeing Co., 193 F.3d 1074 (9th Cir. 1999), is premised on the theory that plaintiff's Amended Request constituted a notice of voluntary dismissal and, as such, automatically upon its filing, deprived the Court of jurisdiction to modify its terms. See, e.g., id. at 1076 (holding "once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal"). Morgan, however, mischaracterizes the Amended Request, which, as its title states, is a "request" for dismissal, not a "notice" of dismissal, and, consequently, was not effective until the Court took action thereon.[4]

---

[3] To the extent Morgan contends Morgan was entitled to notice of the Application, and that plaintiff should have brought a noticed motion, Morgan provides no authority in support thereof. In any event, assuming, arguendo, the instant motion could be construed as a motion for reconsideration of the Corrected Order, Morgan, as set forth above, fails to make a sufficient showing that the Application should not have been granted.

[4] Even if Morgan were correct that the Amended Request constituted a "notice," any such notice would have been, as plaintiff points out, subsequent to plaintiff's earlier "notice" of dismissal without prejudice, (see Request for Dismissal filed Jan. 17, 2008), and,

4

Accordingly, for the reasons stated, defendants' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 13, 2008

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

---

consequently, under Morgan's theory, the subsequent filing would have had no legal effect.